NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**COREY LEA,**

*Plaintiff-Appellant,*

**v.**

**UNITED STATES,**

*Defendant-Appellee.*

---

2014-5100

---

Appeal from the United States Court of Federal Claims in No. 1:14-cv-00044-FMA, Judge Francis M. Allegra.

---

Decided: November 7, 2014

---

COREY LEA, of Portland, Tennessee, pro se.

SHARI A. ROSE, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for defendant-appellee. With her on the brief were STUART F. DELERY, Assistant Attorney General, ROBERT E. KIRSCHMAN, JR., Director, and MARTIN F. HOCKEY, JR., Assistant Director.

---

Before REYNA, CLEVENGER, and WALLACH, *Circuit Judges.*

PER CURIAM.

Pro se appellant Corey Lea brought claims against the United States, Farmers National Bank, and various individual defendants for fraud, breach of contract, and tortious interference arising from the foreclosure of his farm. He now appeals from a judgment of the Court of Federal Claims dismissing his breach of contract claim against the United States for failure to state a claim and his other claims for lack of jurisdiction. *Lea v. United States*, No. 14-44C, 2014 WL 2101367 (Fed. Cl. May 19, 2014).

We *vacate* the dismissal of Plaintiff's contract claim against the United States and *remand* for the application of the correct law with regard to whether he was a third-party beneficiary. As to all other claims, we *affirm* dismissal.

## BACKGROUND

The Farm Service Agency of the United States Department of Agriculture (USDA) offers a loan guarantee program through which it helps farmers obtain funds for use in purchasing and operating farms. Under this program, private banks offer loans to individuals and the Farm Service Agency guarantees a portion of each loan. 7 C.F.R. § 762 *et seq.*

Plaintiff Corey Lea is a farmer in Kentucky. In 2007, acting as the since-dissolved corporation Corey Lea, Inc., he took out a loan from Farmers National Bank in order to purchase and operate a farm. The Farm Service Agency guaranteed this loan, as shown by a loan guarantee agreement. Complaint at A1, *Lea v. United States*, No. 14-44C (Fed. Cl. Jan. 17, 2014) ("Complaint"). As a result, Farmers National Bank held a first mortgage on the property, while the Farm Service Agency held a second mortgage.

Plaintiff secured a loan from Independence Bank, not at issue here, which he used to refinance his outstanding loans and construct a new house on the property. In December 2007, he requested a loan subordination from the USDA. It denied this request because its appraisal valued his property at $18,035 less than the proposed total debt. Mr. Lea then filed a complaint with the USDA alleging that it had denied his loan because he is African American. It appears the USDA received this complaint on May 1, 2008. *Id.* at A6.

In February 2009, Farmers National Bank initiated foreclosure on the farm property following Plaintiff's failure to make five months of payments. As of July 28, 2009, the Farm Service Agency Office of Adjudication was processing Plaintiff's discrimination complaint and, accordingly, requested suspension of the foreclosure action. *Id.* at A5. The record does not contain evidence of the results of the complaint or whether the foreclosure was suspended.

Farmers National Bank received a Judgment and Order of Sale on October 5, 2009. Mr. Lea then filed multiple suits in the United States District Court for the Western District of Kentucky, seeking an injunction against the farm's foreclosure as well as damages for the USDA's alleged earlier discrimination. The district court dismissed these claims in favor of defendants on at least three occasions. *Lea v. United States Dep't of Agric.*, No. 13-cv-00110-JHM (W.D. Ky. Mar. 7, 2014); *Lea v. United States Dep't of Agric.*, No. 12-cv-00052-JHM (W.D. Ky. July 11, 2013), *aff'd*, Nos. 13-5969, -6191 (6th Cir. June 4, 2014); *Lea v. United States Dep't of Agric.*, No. 10-cv-

00029-JHM (W.D. Ky. Jan. 19, 2011), *aff'd*, No. 11-5969 (6th Cir. Aug. 7, 2013).[1]

Mr. Lea filed a complaint in the Court of Federal Claims on January 17, 2014. That court summarized his allegations as being that "the USDA and Farmers National Bank: (i) committed fraud and breaches of contract related to Farmers National Bank's foreclosure of his property; (ii) conspired to commit the allegedly illegal act; and (iii) tortiously interfered with Mr. Lea's plans to set up and operate a bio diesel plant on the property." *Lea* at *1. He sought as relief an injunction barring the sale or encumbrance of the property, compensatory and punitive damages, and "debt relief from the United States on the subject property." *Id.* (quoting Complaint at 8).

The court granted the government's motion to dismiss, finding that it lacked subject matter jurisdiction as to all but the claim against the United States for breach of contract, and that the complaint failed to state a claim for breach of contract. *Id.* at *2–4. On appeal, Plaintiff challenges the court's dismissal of his fraud and contract claims.[2]

### DISCUSSION

### I

We first consider the Court of Federal Claims' rulings that it lacked subject matter jurisdiction over Plaintiff's claims against defendants other than the United States,

---

[1] Plaintiff appealed the last-cited case to this court, which transferred to the Sixth Circuit. *Lea v. United States Dep't of Agric.*, No. 14-1283 (Fed. Cir. June 13, 2014).

[2] Plaintiff also advances a Fifth Amendment takings claim. Because this claim was not before the trial court, it was waived and cannot now be raised on appeal.

his requests for injunctive and declaratory relief, and his claims for fraud and tortious interference with contract. We *affirm* as to each.

This court reviews the Court of Federal Claims' dismissal for lack of subject matter jurisdiction de novo. *Brandt v. United States*, 710 F.3d 1369, 1373 (Fed. Cir. 2013). The plaintiff bears the burden of establishing jurisdiction by a preponderance of the evidence. *Id.*

The Court of Federal Claims is a court of limited jurisdiction whose authority comes primarily from the Tucker Act. *LeBlanc v. United States*, 50 F.3d 1025, 1028 (Fed. Cir. 1995). The Tucker Act grants that court "jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a) (2011). "The Supreme Court has interpreted this language to mean that a plaintiff who seeks redress in the Court of Federal Claims must present a claim for 'actual, presently due money damages from the United States.'" *Terran v. Sec'y of Health & Human Servs.*, 195 F.3d 1302, 1309 (Fed. Cir. 1999) (quoting *United States v. King*, 395 U.S. 1, 3 (1969)).

The Court of Federal Claims has jurisdiction only over claims against the United States. *United States v. Sherwood*, 312 U.S. 584, 588 (1941). It may not hear claims against private parties, *id.*, or individual federal officials, *Brown v. United States*, 105 F.3d 621, 624 (Fed. Cir. 1997). It therefore lacked jurisdiction over Plaintiff's claims against all defendants but the United States, and those claims were properly dismissed.

Further, the Tucker Act enables the Court of Federal Claims to grant equitable relief only under limited circumstances not applicable here. 28 U.S.C. § 1491(b)(2). To

the extent Plaintiff's complaint sought injunctive or declaratory relief, the court lacked jurisdiction to grant him those remedies, and dismissal of those claims was also proper.

We next address Plaintiff's tort claims. "The plain language of the Tucker Act excludes from the Court of Federal Claims jurisdiction claims sounding in tort." *Rick's Mushroom Serv., Inc. v. United States*, 521 F.3d 1338, 1343 (Fed. Cir. 2008). Both fraud and tortious interference with contract are torts. *See Brown*, 105 F.3d at 623 (affirming dismissal of fraud claim for lack of jurisdiction). The court below therefore correctly concluded that it lacked jurisdiction to hear Plaintiff's tort claims, including those for fraud and tortious interference with contract.

The contract claim against the United States remains. The Tucker Act grants the Court of Federal Claims jurisdiction over claims based upon "any express or implied contract with the United States." 28 U.S.C. § 1491(a)(1). Because Plaintiff alleges an express contract with the United States, his claim for breach of contract is within the Court of Federal Claims' subject matter jurisdiction. *Gould, Inc. v. United States*, 67 F.3d 925, 929 (Fed. Cir. 1995) (finding complaint alleging express contract sufficient to confer jurisdiction on the Court of Federal Claims).

## II

Having found subject matter jurisdiction over Plaintiff's breach of contract claim against the United States, the court below dismissed it for failure to state a claim. It reached this conclusion because it found Plaintiff had not shown he was either a party or a third-party beneficiary to the only contract alleged. *Lea* at *3.

Although the court did not describe it in these terms, this raises the jurisdictional question of Plaintiff's stand-

ing to bring his claim for breach of contract. To have standing to sue the United States on a contract claim, a plaintiff must be in privity with it. *Sullivan v. United States*, 625 F.3d 1378, 1379–80 (Fed. Cir. 2010). This means that the plaintiff must either be a party to the contract or "stand[] in the shoes of a party within privity" as a third-party beneficiary. *Id.* (quoting *First Hartford Corp. Pension Plan & Trust v. United States*, 194 F.3d 1279, 1289 (Fed. Cir. 1999)).

As the court below found, the loan guarantee agreement is the only contract alleged to be at issue here. Although Plaintiff asserts he was a party to the loan guarantee agreement, *see* Informal Brief of Appellant at 3, *Lea v. United States*, No. 2014-5100 (Fed. Cir. Aug. 25, 2014), this is unsubstantiated. The agreement shows Farmers National Bank as lender, the Farm Service Agency as guarantor, and Corey Lea, Inc. as borrower. Complaint at A1. All of the obligations created by the document in evidence are between the lender and guarantor, consistent with the function of a loan guarantee agreement in providing additional security for an existing loan between lender and borrower. *Id.* Thus, Plaintiff has not shown evidence of any contract with the United States to which he is a party.

Plaintiff therefore lacks standing unless he was a third-party beneficiary to the loan guarantee agreement. The court below stated that a third party can enforce claims as a beneficiary "only where a contract reflects the intention among the parties to give the claimant a direct right to compensation against the United States." *Lea* at *3. Because it found no evidence of such intent, "or any other evidence" of intent to make Plaintiff a third-party beneficiary, it dismissed for failure to state a claim. *Id.* at *3–4.

The court below erred in failing to recognize that Plaintiff need not prove the contracting parties' intent to

grant him a "direct right to compensation against the United States" in order to be a third-party beneficiary, and the government's brief repeats its mistake. *Id.* at *3; Defendant-Appellee's Informal Brief & Appendix at 9, *Lea v. United States*, No. 2014-5100 (Fed. Cir. Sept. 11, 2014) (quoting lower court opinion and stating that it "applied the correct law" in making this determination).

The language the court used comes from the second prong of a two-prong test the Court of Federal Claims announced in *Baudier Marine Electronics v. United States*, 6 Cl. Ct. 246, 249 (1984). That court later found *Baudier*'s second prong relevant only "in cases of general government contracts benefitting the public at large." *Schuerman v. United States*, 30 Fed. Cl. 420, 430 (Fed. Cl. 1994). We adopted *Schuerman*'s conclusion in *Montana v. United States*, 124 F.3d 1269, 1273 (Fed. Cir. 1997) (citing *id.*) ("[T]he appropriate test for intended third-party beneficiary status includes only the first prong of the *Baudier* test . . . .").

Following *Montana*, "[i]n order to prove third-party beneficiary status, a party must demonstrate that the contract not only reflects the express or implied intention to benefit the party, but that it reflects an intention to benefit the party directly." *Flexfab, L.L.C. v. United States*, 424 F.3d 1254, 1259 (Fed. Cir. 2005) (quoting *Glass v. United States*, 258 F.3d 1349, 1354 (Fed. Cir. 2001)). Third-party beneficiary status is an "exceptional privilege," *id.*, and the contracting parties' intent to create that status can generally be inferred if "the beneficiary would be reasonable in relying on the promise as manifesting an intention to confer a right on him." *Id.* (quoting *Montana*, 124 F.3d at 1273).

Standing to sue on a contract is a jurisdictional question, and Plaintiff contends that discovery on that point would enable him to show that he has standing as an intended third-party beneficiary to the loan guarantee

agreement. *See* Appellant's Reply Brief at 3, *Lea v. United States*, No. 2014-5100 (Fed. Cir. Sept. 24, 2014) ("Discovery will allow plaintiff to show that even the government and the private bank recognized that Corey Lea, individual, had [a] vested interest in the contract . . . ."). As the Court of Federal Claims has said, "'when a motion to dismiss challenges a jurisdictional fact alleged in a complaint, a court may allow discovery in order to resolve the factual dispute.'" *Fairholme Funds Inc. v. United States*, 114 Fed. Cl. 718, 720-21 (Fed. Cl. 2014); *see also Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 n.13 (1978) ("[W]here issues arise as to jurisdiction or venue, discovery is available to ascertain the facts bearing on such issues.").

It is not for us to decide whether any contested facts going to Plaintiff's standing as a third-party beneficiary support granting discovery. We vacate and remand for the trial court to determine the proper course of action under the correct view of the law.

## CONCLUSION

For the reasons stated above, we *vacate* and *remand* the dismissal of Plaintiff's contract claim against the United States. We *affirm* the dismissal of all other claims for lack of subject-matter jurisdiction.

## AFFIRMED IN PART, VACATED IN PART, AND REMANDED

### COSTS

No costs.