NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

_____

**COREY LEA,**
*Plaintiff-Appellant*

**v.**

**UNITED STATES,**
*Defendant-Appellee*

_____

2016-2108

_____

Appeal from the United States Court of Federal Claims in No. 1:15-cv-00292-MBH, Judge Marian Blank Horn.

_____

Decided: October 6, 2016

_____

COREY LEA, Arrington, TN, pro se.

JESSICA COLE, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant-appellee. Also represented by BENJAMIN C. MIZER, ROBERT E. KIRSCHMAN, JR., REGINALD T. BLADES, JR.

_____

Before NEWMAN, LOURIE, and CLEVENGER, *Circuit Judges.*

PER CURIAM.

Corey Lea ("Lea") appeals from the decision of the United States Court of Federal Claims (the "Claims Court") dismissing his complaint for lack of jurisdiction and denying his motion for reconsideration. *See Lea v. United States*, 126 Fed. Cl. 203 (2016) ("*Order*"); *Lea v. United States*, No. 15-292C, 2016 WL 2854257 (Fed. Cl. May 10, 2016). Because the Claims Court did not err in dismissing the complaint, we *affirm*.

## BACKGROUND

Lea was a farmer in Kentucky. Appellant's Informal Br. 1. Acting through his company, Corey Lea, Inc., he applied for a loan from Farmers National Bank, guaranteed by the Farm Service Agency of the United States Department of Agriculture. *Id.* at 1. The loan guarantee agreement lists the borrower's name as Corey Lea, Inc. and is signed by a Farm Service Agency official. Appellee's App. 58. Farmers National Bank held the first mortgage, and the Farm Service Agency held the second mortgage. After Lea defaulted by failing to make payments, the bank foreclosed on the farm property. Appellant's Informal Br. 2.

Lea first filed multiple complaints against the government and Farmers National Bank in the United States District Court for the Western District of Kentucky, alleging discrimination and seeking an injunction against the foreclosure. The district court dismissed the claims in favor of the defendants, and on appeal from one of the dismissals, this court issued an order holding that we lacked jurisdiction and transferring that appeal to the United States Court of Appeals for the Sixth Circuit. *Lea v. Dep't of Agric.*, 562 F. App'x 969 (Fed. Cir. 2014).

Lea next filed a complaint against the government in the Claims Court in January 2014, alleging fraud, breach of contract, conspiracy to commit fraud and breach of

contract, and tortious interference. The Claims Court dismissed his appeal for lack of subject matter jurisdiction, finding that it lacked jurisdiction (1) over any claims against defendants other than the United States, (2) to grant any requested injunctive or declaratory relief, and (3) to hear his tort claims. *Lea v. United States*, No. 14-44C, 2014 WL 2101367, at \*2 (Fed. Cl. May 19, 2014) (*Lea I*). The Claims Court also dismissed his claims for breach of contract for failure to state a claim because Lea failed to show that he was either a party or a third-party beneficiary to the contracts involving the government. *Id.* at \*3.

Lea appealed from that decision to this court, and we vacated and remanded the dismissal of his contract claims, but affirmed the dismissal of all other claims. *See Lea v. United States*, 592 F. App'x 930 (Fed. Cir. 2014) (*Lea II*). We held that Lea lacked standing unless he were a third-party beneficiary, and we vacated and remanded for the Claims Court to determine whether to grant discovery on that issue. *Id.* at 933–34.

However, before our opinion issued, Lea filed another complaint against the government in the Claims Court, again asserting the breach of contract claims, along with various claims of constitutional violations such as takings. *See Lea v. United States*, 120 Fed. Cl. 440, 443 (2015) (*Lea III*); *Order*, 126 Fed. Cl. at 209–10 (summarizing the procedural posture of *Lea III*). Because Lea was pursuing the same breach of contract claims in *Lea I* on remand, the contract claims in *Lea III* were dismissed as duplicative and the noncontractual claims were dismissed for lack of jurisdiction.

Shortly afterwards, Lea filed another complaint against the government in the Claims Court in March 2015, which became the instant case (*Lea IV*), and he voluntarily dismissed *Lea I* without prejudice. *Order*, 126 Fed. Cl. at 209. In this complaint, he alleged, *inter alia*, a taking, unjust enrichment, breach of an implied-in-fact

contract by violating federal foreclosure regulations, breach of the loan guarantee agreement, and breach of the second mortgage agreement. *Id.* at 209–10. The Claims Court observed that Lea had filed at least eleven separate actions in federal courts based on the same set of facts. *Id.* at 207.

The Claims Court first found that Lea failed to cure the jurisdictional defects that led to the dismissal of the same claims of a taking, unjust enrichment, and breach of an implied-in-fact contract in *Lea III*, and thus was precluded from reasserting those claims. *Order*, 126 Fed. Cl. at 214–15. The court then analyzed the remaining breach of contract claims. *Id.* at 215–18. The court noted that the borrower identified in the loan guarantee agreement and the mortgagor identified in the second mortgage agreement were both the corporate entity, not the individual. The court concluded that Corey Lea, Inc. was the only entity eligible to pursue contractual claims against the United States based on third-party beneficiary status. *Id.* at 217. Because a corporation must be represented by an attorney, the court dismissed the remaining contract claims. *Id.* at 217–18.

Lea moved for reconsideration, which was denied by the Claims Court. Lea timely appealed to this court from the Claims Court's decisions. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(3).

## DISCUSSION

We review the Claims Court's dismissal for lack of jurisdiction *de novo*. *FloorPro, Inc. v. United States*, 680 F.3d 1377, 1380 (Fed. Cir. 2012). The Tucker Act provides the Claims Court with jurisdiction to "render judgment upon any claim against the United States founded . . . upon any express or implied contract with the United States." 28 U.S.C. § 1491(a)(1). However, in contract cases "[t]he government consents to be sued only by those with whom it has privity of contract." *Erickson Air Crane*

*Co. of Wash. v. United States*, 731 F.2d 810, 813 (Fed. Cir. 1984); *see also id.* (holding that subcontractors lack privity with the government and thus lack standing to bring a direct suit for breach of contract against the government).

Lea argues that the Claims Court did not consider that Corey Lea, Inc. is a dissolved corporation with Lea as a sole shareholder winding up its affairs. Lea asserts that the court also incorrectly cited case law applying Texas law rather than Kentucky law with regard to a corporation's ability to continue litigation after it has been dissolved. Lea also insists that the government waived the argument of standing to sue on behalf of the corporation. Lea further asserts that as a debtor listed on the first mortgage, he has standing as an individual to sue for breach of contract. Moreover, Lea contends, the courts in *Lea I* and *Lea II* found that he had standing, and therefore under the law of the case doctrine and the mandate rule, the Claims Court erred in finding that it lacked jurisdiction over his contract claims. Lea also disputes that collateral estoppel applies, particularly as to the takings claim, which he denies was previously addressed in *Lea III*.

The government responds that the Claims Court considered all of the facts alleged in the complaint and acknowledged that Lea was winding up Corey Lea, Inc.'s affairs. However, the government maintains, Lea was not a party to the contracts with the government, and any injury to him was not separate and distinct from the corporation's injury. The government asserts that Lea's claims were therefore derivative of the corporation's, and emphasizes that shareholder-derivative actions require counsel. Additionally, the government responds, the court may *sua sponte* challenge its own subject matter jurisdiction at any time, whether the defendant raises the issue or not. As for the other claims, the government contends that the court correctly applied collateral estoppel because the claims were "almost verbatim" identical to the claims

in *Lea III* that were dismissed for lack of jurisdiction and Lea failed to cure the jurisdictional defects.

We agree with the government that the Claims Court did not err in dismissing Lea's complaint for lack of jurisdiction. We understand Lea's desire to pursue claims relating to the company that he was the sole shareholder of and that bears his name. Lea's role in managing the affairs of the dissolved corporation, however, is insufficient to vest the Claims Court with jurisdiction to adjudicate his claims.

Lea focuses on the fact that Corey Lea, Inc. has been dissolved and that he is the sole shareholder winding up the affairs of the corporation. Appellant's Informal Br. 5–9. Although Kentucky law provides that dissolution of a corporation does not bar or exempt *the corporation* from litigation in its own name, the law does not create privity between Lea and the government merely because of such dissolution, such that he as an individual may sue for breach of contract. As Lea is not an attorney, and a corporation may not be represented by a non-attorney, the Claims Court correctly concluded that he may not pursue the claims on behalf of Corey Lea, Inc.

The only way Lea could have had standing to sue the government for breach of contract with regard to the loan guarantee agreement and the second mortgage agreement would have been, as we noted previously, if he were a third-party beneficiary to the contracts. See *Lea II*, 592 F. App'x at 933. But Lea did not expressly argue that he was a third-party beneficiary until he made an oblique reference to such in his reply. Appellant's Reply Br. 6. Nonetheless, the government addressed that point in its response brief by asserting that the Claims Court properly determined that Lea was not a party to the contracts and that Corey Lea, Inc. was the intended beneficiary instead. Appellee's Br. 10. We will accordingly address it briefly.

To prove third-party beneficiary status, a plaintiff must show "that the contract not only reflects the express or implied intention to benefit the party, but that it reflects an intention to benefit the party directly." *Glass v. United States*, 258 F.3d 1349, 1354 (Fed. Cir. 2001). And we have previously held that shareholders are not necessarily third-party beneficiaries eligible to enforce a contract between a corporation and the government. *Id.* at 1354–55; *First Hartford Corp. Pension Plan & Tr. v. United States*, 194 F.3d 1279, 1289 (Fed. Cir. 1999) (noting that "one of the principal motivations behind utilizing the corporate form is often the desire to limit the risk of ownership to the amount of capital invested and thus avoid the obligations, contractual or otherwise, of the corporation" and finding the shareholders in that case were not third-party beneficiaries and thus could not bring breach of contract claims on their own behalf).

Although a third-party beneficiary need not be explicitly identified in a contract, here the contracts were clearly not intended to benefit Lea as an individual. The loan guarantee and second mortgage agreements were clearly intended to assist Corey Lea, Inc. in obtaining a loan to purchase and operate farm property. Even though Lea was the president and sole shareholder of Corey Lea, Inc., the company was and is still a separate legal entity.

More is required to confer intended third-party beneficiary status than knowledge that he as an individual would indirectly benefit from the agreements. Lea made the conscious choice to apply for the loan in his company's name rather than his own. Whatever his reasons might have been, he cannot now claim that the contract was intended to *directly* benefit him as an individual. Moreover, whether he was listed as an individual on the first mortgage, a contract with a private bank, is irrelevant to privity with the government. Because Lea has not alleged facts sufficient to establish his status as a third-party beneficiary, the Claims Court correctly found that it

lacked jurisdiction over the breach of contract claims filed in his name.

Accordingly, Lea did not provide the Claims Court with evidence supporting his alleged status as a third-party beneficiary of the loan guarantee and second mortgage agreements. The court therefore did not err in concluding that it lacked jurisdiction to adjudicate Lea's breach of contract claims.

Lea furthermore did not present any new, previously unavailable facts that would support the Claims Court's jurisdiction over claims previously found to be not within the purview of the Tucker Act. The court therefore did not err in finding that Lea did not cure the original jurisdictional defects and thus did not justify a new analysis of jurisdiction over those claims.

CONCLUSION

We have considered Lea's remaining arguments and conclude that they are without merit. For the foregoing reasons, the decision of the Claims Court is affirmed.

**AFFIRMED**