# In the United States Court of Federal Claims

No. 16-717C
(Filed: November 10, 2016)

|  |  |  |
|---|---|---|
| DAVID O. EVANS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Motion for Discovery; RCFC 26; |
| v. | ) | Supplementation of the Administrative |
| | ) | Record |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

*Louise A. Paris*, Canton, MI, for plaintiff.

*Sonia M. Orfield*, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, with whom were *Douglas K. Mickle*, Assistant Director, *Robert E. Kirschman, Jr.*, Director, and *Benjamin C. Mizer*, Principal Deputy Assistant Attorney General, for defendant. *Shanna L. Cronin*, Major, Judge Advocate General's Corps, Litigation Division, Military Personnel Law, Department of the Army, of counsel.

## ORDER DENYING PLAINTIFF'S MOTION FOR DISCOVERY AND TO SUPPLEMENT THE ADMINISTRATIVE RECORD

**FIRESTONE**, *Senior Judge*.

Pending before the court in the above-captioned military pay case is plaintiff David O. Evans's motion for discovery (ECF No. 16), filed October 4, 2016. Mr. Evans states that he is entitled to discovery pursuant to Rule 26 of the Rules of the Court of Federal Claims ("RCFC") in order to supplement the administrative record.

## I.    BACKGROUND

Mr. Evans filed his complaint in this case on June 20, 2016, seeking review of a January 12, 2016 final decision by the Army Board of Corrections of Military Records ("ABCMR") denying his request for an upgrade of his other-than-honorable-conditions

discharge in 1960.[1]  Mr. Evans has unsuccessfully sought review of his discharge in 1962, 1965, 1975, and 2001.  Administrative Record ("AR") 7-8, 401, 462, 476-77.  Mr. Evans's requests for reconsideration of the ABCMR decisions were denied in 2012 and 2013.  AR 7-8, 311, 350.

In 2014, the Secretary of Defense issued a memorandum permitting review of discharges that may have been triggered by post-traumatic stress disorder ("PTSD") or PTSD-related conditions prior to the current understanding of that disorder.  AR 12, 25-28.  In 2015, Mr. Evans received a diagnosis of service-connected PTSD from Dr. John F. Paul, Ph.D., a private clinical psychologist.  AR 22-24.  Based on this diagnosis and the 2014 Secretary of Defense memorandum, Mr. Evans again requested the ABCMR to upgrade his discharge.  AR 18-21.  As noted, the ABCMR denied the request on January 12, 2016.  AR 2-15.

Mr. Evans filed suit in this court on June 20, 2016, seeking $300,000 in disability compensation, military back-pay, full Veterans Affairs benefits, and reversal of the ABCMR's decision not to upgrade his discharge.  Compl. 2.

On October 3, 2016, the government filed a motion to dismiss the complaint for lack of jurisdiction pursuant to RCFC 12(b)(1).  The government argues that this court does not have jurisdiction over any of Mr. Evans's claims.  The government also filed the administrative record containing Mr. Evans's records before the ABCMR and argues, in the alternative, that should the court possess jurisdiction, the government is entitled to judgment on the administrative record pursuant to RCFC 52.1.

In the pending motion for discovery, filed the day after the government submitted its motion to dismiss, Mr. Evans states that he "wants to be allowed to question the Department of the Army about its January 2016 decision," Pl.'s Mot. 2, including the "mental impressions of examiners of decision makers" or reasoning of the ABCMR members, *see* Pl.'s Reply 3.  Mr. Evans also seeks clarifications of certain points in the ABCMR's January 2016 decision, such as why the ABCMR did not address whether other officers were willing to take Mr. Evans into their platoons, Pl.'s Mot. 2, or arguments that certain misconduct "was a cry for psychological evaluation," Pl.'s Reply 3.  Mr. Evans also seeks Army data on discrimination and discharges for other military service members.  Pl.'s Reply 3-5.[2]  Mr. Evans states that his proposed interrogatories

---

[1] According to Mr. Evans's military records, he enlisted in the United States Army for a three-year commitment in 1958 and was discharged in 1960 after receiving three nonjudicial punishments, a special court-martial, and two summary courts-martial.  Administrative Record ("AR") 547-48, 570-79, 582, 634.

[2] While Mr. Evans alleges in his complaint that racial discrimination was a "psychological stressor" that contributed to the actions which led to his discharge, Compl. 38, the court reads Mr. Evans's discovery request regarding racial discrimination and discharges as including

"demonstrate that supplementation is necessary because the existing record is insufficient to do a meaningful judicial review." *See* Pl.'s Reply 5 (citing *Axiom Res. Mgmt., Inc. v. United States*, 564 F.3d 1374 (Fed. Cir. 2009)).[3]

The government argues that the court should deny Mr. Evans's discovery motion on the grounds that the court lacks jurisdiction to hear this case in its entirety. The government also argues that Mr. Evans has not shown that supplementation of the record is warranted. The government asserts that because the ABCMR considered the substance of Mr. Evans's claim and expressly addressed the issues raised in Mr. Evans's motion for discovery, there is no reason why the court cannot conduct meaningful judicial review. The government also argues that Mr. Evans is not entitled to inquire into the "mental process, that is, the thought process by which [the agency] made [its] decision." *Impresa Construzioni Geom. Domenico Garufi v. United States*, 238 F.3d 1324, 1339 (Fed. Cir. 2001) (citing *United States v. Morgan*, 313 U.S. 409, 422 (1941)); *see also Citizens to Pres. Overton Park, Inc. v. Volpe*, 401 U.S. 402, 420 (1971) ("[W]here there are administrative findings that were made at the same time as the decision . . . there must be a strong showing of bad faith or improper behavior before such inquiry [into the mental processes of administrative decisionmakers] may be made."), *abrogated on other grounds by Califano v. Sanders*, 430 U.S. 99 (1977).

The court finds that oral argument is not necessary in order to rule on Mr. Evans's discovery motion.

## II.    DISCUSSION

The court agrees with the government that Mr. Evans is not entitled to discovery regarding the ABCMR decision and thus the motion for discovery is **DENIED**.

This order does not address the merits of the government's motion to dismiss. It is focused solely on the motion for discovery in which Mr. Evans seeks to supplement the administrative record with interrogatories regarding the January 2016 ABCMR decision. The court does not read any of Mr. Evans's discovery requests as relating to the government's motion to dismiss the case on jurisdictional grounds, which could justify

---

discovery that does not relate directly to Mr. Evans's treatment before the ABCMR. Because discovery unrelated to Mr. Evans's treatment before the ABCMR is plainly outside the scope of this case, Mr. Evans's request for discrimination and discharge data for other service members must be denied. *See* RCFC 26(b). In addition, although the complaint does not state a claim for discharge based on Title VII or another discrimination statute, the court notes that the Federal Circuit has found that this court lacks jurisdiction over Title VII discrimination claims, which must be brought in a federal district court. *See, e.g.*, *Baker v. United States*, 642 F. App'x 989, 991 (Fed. Cir. 2016) (per curiam) (citations omitted).

[3] Mr. Evans also requests leave to file a supplemental reply. The request is **GRANTED**.

discovery with regard to the relevant jurisdictional facts. *See, e.g.*, *Lea v. United States*, 592 F. App'x 930, 934 (Fed. Cir. 2014) ("[W]hen a motion to dismiss challenges a jurisdictional fact alleged in a complaint, a court may allow discovery in order to resolve the factual dispute." (quoting *Fairholme Funds Inc. v. United States*, 114 Fed. Cl. 718, 720-21 (Fed. Cl. 2014) and also citing *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 n.13 (1978))). Instead, Mr. Evans's discovery request is focused on the merits of his case. Mr. Evans specifically "requests that the Court limit its ruling to [his] Discovery Motion and not rule on the jurisdiction issues or substantive issues until after the scheduled hearing occurs." Pl.'s Reply 1.

Generally, this court's "review of a military corrections board is limited to the administrative record" compiled by the agency. *Walls v. United States*, 582 F.3d 1358, 1368 (Fed. Cir. 2009) (citing *Metz v. United States*, 466 F.3d 991, 998 (Fed. Cir. 2006)). Rule 52.1 of the Rules of the United States Court of Federal Claims ("RCFC") provides for judgment on the administrative record. Unlike the standard for a motion for summary judgment, "genuine issues of material fact do not preclude a judgment on the administrative record." *Young v. United States*, 497 F. App'x 53, 59 n.8 (Fed. Cir. 2012) (citing *Bannum v. United States*, 404 F.3d 1346, 1355-56 (Fed. Cir. 2005)). Instead, the court resolves questions of fact based on the administrative record. *Id.* (citing *Bannum*, 404 F.3d at 1356).

Under established precedent in the Federal Circuit, this court will not disturb or overturn the decision of the corrections board unless it is "arbitrary, capricious, unsupported by substantial evidence, or contrary to law." *Lewis v. United States*, 458 F.3d 1372, 1376 (Fed. Cir. 2006) (citation omitted). Ordinarily in military review cases the court is largely concerned with whether the decision is procedurally fair and supported by "substantial evidence" to show that it is not materially wrong. *Heisig v. United States*, 719 F.2d 1153, 1156 (Fed. Cir. 1983). The corrections board decision must be sufficiently detailed for the court to ascertain the reasoning behind the denial of relief to the applicant. *See Buchanan v. United States*, 621 F.2d 373, 383 (Ct. Cl. 1980).

Because the court's review of a corrections board decision is limited to the record and not *de novo*, the Supreme Court and the Federal Circuit have held that "parties' ability to supplement the administrative record is limited . . . to guard against courts using new evidence to 'convert the 'arbitrary and capricious' standard into effectively *de novo* review.'" *Axiom*, 564 F.3d at 1379-80 (citations omitted). If the administrative record before the court is inadequate, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." *Fla. Power & Light Co. v. Lorion*, 470 U.S. 729, 744 (1985). Therefore, supplementation of the record is "limited to cases in which 'the omission of extra-record evidence precludes effective judicial review.'" *Axiom*, 564 F.3d at 1380 (citation omitted). This is particularly important in military cases where the Federal Circuit has stated that "courts cannot substitute their judgment for that of the military departments when reasonable minds

4

could reach differing conclusions on the same evidence." *Heisig*, 719 F.2d at 1156. Put another way, this court does not sit as a "super correction board." *Skinner v. United States*, 594 F.2d 824, 830-31 (Ct. Cl. 1979). Tested by these standards, Mr. Evans's motion for discovery fails.

The eighteen proposed interrogatories Mr. Evans has propounded are aimed at demonstrating that the ABCMR failed to either consider or discuss facts that Mr. Evans believes are favorable to his claims. The interrogatories also seek to probe the mental processes of the ABCMR members. None of these areas are appropriate for discovery under the standards described above. For example, Mr. Evans asks why the ABCMR did not address his arguments that other officers wrote positive reports and were willing to take him into their platoons, that Mr. Evans suffered severe psychological distress and should have received a psychological evaluation or should have been referred to a disability board, and that his rights were not protected during the separation process. Mr. Evans also seeks information about his neuropsychiatric examination and nonjudicial punishments and courts martial, and more specific information about individuals referred to in the record. Finally, Mr. Evans requests data on incidents of racial discrimination related to discharges and the number of discharge upgrades that have been granted in the past two years.

Assuming the court has jurisdiction over the merits of Mr. Evans's case, the court will review the record before the ABCMR to determine whether its decision is supported by the evidence in the record. If the decision is not adequately explained or fails to address important facts the proper course will be to remand to the agency. *Fla. Power & Light*, 470 U.S. at 744.[4] In this regard, Mr. Evans has not identified any evidence that was improperly or inadvertently left out of the record. *Linc Gov't Servs., LLC v. United States*, 95 Fed. Cl. 155, 158 (2010) (explaining distinction "between materials proffered to 'supplement' or to 'complete' the administrative record"). Rather, the focus of Mr. Evans's discovery is on the adequacy of the "explanation" of the ABCMR's decision. Where discovery requests involve supplementing the administrative record with materials that could encourage *de novo* review by the court, the motion to supplement must be denied. *See Riser v. United States*, 93 Fed. Cl. 212, 217-18 (Fed. Cl. 2010).

## III. CONCLUSION

For the reasons above, the court finds that Mr. Evans has failed to show that discovery is appropriate or that supplementation of the administrative record is necessary. Accordingly, Mr. Evans's motion for discovery or to supplement the record is **DENIED**.

---

[4] There are no allegations of fact to suggest that the ABCMR in reviewing Mr. Evans's case engaged in bad faith. Therefore, the exception for discovery into mental processes identified in *Impresa*, 238 F.3d at 1338-39, does not apply.

Mr. Evans shall file his response to the government's motion and any cross-motion for judgment on the administrative record pursuant to RCFC 52.1 by **December 9, 2016**.

The government shall file its reply in support of its motion and its response to Mr. Evans's cross-motion for judgment on the administrative record by **January 9, 2017**.

Mr. Evans shall file his reply in support of his cross-motion for judgment on the administrative record by **February 10, 2017**.

**IT IS SO ORDERED**.

s/Nancy B. Firestone
NANCY B. FIRESTONE
Senior Judge