Norma C. **SULLIVAN** and Donald E. **Sullivan, Plaintiff,**

v.

The **UNITED STATES, Defendant.**

No. 99–754C.

United States Court of Federal Claims.

Sept. 10, 2002.

Charles Berg, Brockton, Massachusetts, for plaintiff.

Allison A. Page, Trial Attorney, with whom were David W. Ogden, Acting Assistant Attorney General, David M. Cohen, Director, Mark A. Melnick, Assistant Director, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, D.C., for defendant.

## OPINION

SMITH, Senior Judge.

This is a breach of contract case filed by Norma C. and Donald E. Sullivan ("Sullivans") against the United States for damages in the amount of $730,000. In lieu of an answer, the government filed a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) of the Rules of the Court of Federal Claims. After reviewing the briefs, the court DENIES the government's motion to dismiss.

## FACTS

On or about July 15, 1995, Timothy Sanders, doing business as TNT Transportation ("Sanders"), entered into a contract (Contract No. HCR 023EU) with the United States Postal Service ("USPS") to transport mail between USPS facilities in Brockton and Medway, Massachusetts. Plaintiff stated that the contract required Sanders to possess vehicle insurance in the failure to obtain proof, or verify, that Sanders had procured sufficient insurance.

On or about August 17, 1995, plaintiff Norma Sullivan of West Bridgewater, Massachusetts was injured seriously and permanently as a result of a vehicular accident allegedly caused by the negligence of Timothy Sanders, or his employee who was operating the vehicle at the time of the accident. Plaintiff's complaint also states that Donald E. Sullivan suffered loss of consortium and emotional distress as a result of this accident. Plaintiff's filed their complaint in this court on September 7, 1999

## DISCUSSION

1. Standard of Review

In determining whether to dismiss the cause of action, the court must presume all

undisputed factual allegations to be true and construe all reasonable inferences in favor of the plaintiff. *See Scheuer v. Rhodes,* 416 U.S. 232, 236–37, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974). The court should not grant a motion to dismiss "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *See Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957) (footnote omitted). Plaintiff does, however, bear the burden of establishing subject matter jurisdiction by a preponderance of the evidence. *See Cedars–Sinai Med. Ctr. v. Watkins,* 11 F.3d 1573, 1583 (Fed.Cir.1993).

### 2. Standing and Third–Party Beneficiaries

Defendant avers that this is ultimately a tort case, not a contract case, and is therefore outside the court's jurisdiction. Defendant argues that plaintiff's claim is inextricably linked to personal injury claims and thus the court must view those injuries as the gravamen of the claim and disregard the form and style of pleading, or causes of action cited by plaintiff. Plaintiff concedes that this court lacks tort jurisdiction and argues that its claim is based on a breach of contract.

Defendant also rejects plaintiff's contention that they have standing to sue as third-party beneficiaries. The government argues that no interpretation of the contract between USPS and TNT can be read to confer a benefit on the Sullivans and even if the contract can be read that way then the Sullivans "[A]re no more than indirect or incidental beneficiaries at best." Def. Mot. to Dis. at 6.

Plaintiff argues that it has standing to sue the government in this matter as a third-party beneficiary. In its reply brief, plaintiff "takes the position that the contract as a whole constitutes an express contract that includes third parties such as plaintiffs." Pl. Reply Br. at 3. Claimants who are not parties to the contract upon which the breach is alleged must put forth an alternate basis for standing, such as by showing that they are third-party beneficiaries of the contract. *See*

*Glass v. United States,* 258 F.3d 1349 (Fed. Cir.2001).

To establish third-party beneficiary status, the court should evaluate "whether or not the contract reflects the express or implied intention of the parties to benefit the party claiming third-party beneficiary status." *First Hartford Corp. v. United States,* 42 Fed. Cl. 599, 605 (1998), *rev'd on other grounds,* 194 F.3d 1279 (1999). According to the Federal Circuit, "the intended beneficiary need not be specifically or individually identified in the contract, but must fall within a class clearly intended to benefitted thereby." *Montana v. United States,* 124 F.3d 1269, 1273 (Fed.Cir.1997). Determining if the plaintiff is an intended beneficiary requires the court to ask "whether the beneficiary would be reasonable in relying on the promise as manifesting an intention to confer a right on him." *Id.*

Plaintiffs assert that they are within the class of intended beneficiaries because the "protection of the public is the purpose of any requirement to procure insurance." Pl. Opp. Mot. at 3. As members of the public who suffered injury and who have been damaged by the lack of insurance as required by the contract, the Sullivans argue they have standing to sue. Plaintiff alleges that the contract's insurance carriage requirement is evidence that the USPS intended to confer a right upon a third-party. Under plaintiff's theory, by failing to enforce the insurance requirement, USPS has breached the contract and a duty to the Sullivans, thereby damaging the Sullivans.

The government has a high standard to meet in persuading the court to dismiss a claim and that burden has not been met in this case. Under the prevailing case law in this area, the court should only dismiss a case if it believes that plaintiff could prove no set of facts in support of its case. Although this case certainly has elements of a tort action, that reality does not automatically end the inquiry. The court believes that the Sullivans have raised a triable issue regarding their status as third-party beneficiaries and the purpose of the mandatory insurance provision of the contract. In addition, the

court believes that the plaintiff has met its burden, as laid out by the Federal Circuit. *See U.S. Ecology v. United States,* 245 F.3d 1352, 1357 (Fed.Cir.2001) (plaintiff must provide sufficient evidence to raise a triable issue as to whether the government intended for the alleged contract to confer a right upon the third party).

The Federal Circuit recently noted that third party beneficiary claims based on a contract with the United States should be evaluated "by application of the same principles of law as if the contract were between private individuals." *Roedler v. Department of Energy, United States,* 255 F.3d 1347, 1351 (*quoting Mobil Oil Exploration & Producing Southeast, Inc. v. United States,* 530 U.S. 604, 608, 120 S.Ct. 2423, 147 L.Ed.2d 528 (2000)). Applying that statement to this case weighs in favor of establishing the Sullivans as third party beneficiaries, although the court declines to do so at this stage of the proceedings. The court makes this observation because it is more likely than not under the facts that the Sullivans would have standing to assert a claim against both Sanders and the USPS, if the USPS were a private corporation.

Accordingly, the government's motion to dismiss is DENIED. The court directs the parties to submit a Joint Status Report within 30 days of the issuance of this opinion proposing a schedule for further proceedings in this matter.

IT IS SO ORDERED.