NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**NORMA C. SULLIVAN AND DONALD E. SULLIVAN,**
*Plaintiffs-Appellees,*

**v.**

**UNITED STATES,**
*Defendant-Appellant.*

---

2010-5091

---

Appeal from the United States Court of Federal Claims in case no. 99-CV-754, Senior Judge Loren A. Smith.

---

Decided: November 29, 2010

---

ALBERT E. GRADY, Office of Albert E. Grady, of Brockton, Massachusetts, for plaintiffs-appellees.

J. REID PROUTY, Senior Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for defendant-appellant. With him on the brief were TONY WEST, Assis-

tant Attorney General, JEANNE E. DAVIDSON, Director, and MARK L. MELNICK, Assistant Director.

———————————

Before BRYSON, PLAGER, and CLEVENGER, *Circuit Judges*.

PER CURIAM.

The issue in this breach of contract case is whether a person injured in a vehicular accident caused by a government contractor can properly sue the United States for failing to enforce a contract provision requiring the contractor to obtain additional automobile insurance. The trial court rendered judgment for the Sullivans on a breach of contract theory by finding that the Sullivans were third party beneficiaries of the contract between the contractor and the Postal Service, and that the Government was liable for breach of the contract. Regardless of whether the court properly categorized the Sullivans as third party beneficiaries, the Government's failure to enforce a contractual provision necessitating additional insurance does not amount to a breach of contract by the Government. Accordingly, we conclude that Mr. and Mrs. Sullivan cannot recover in this action against the Government; the judgment of the trial court is *reversed*.

## BACKGROUND

The Sullivans' claim arises from an automobile accident that occurred in Easton, Massachusetts, in 1995. A truck operated by TNT Transportation Company (TNT) under a contract with the United States Postal Service ran into the back of the Sullivans' car while they were stopped at a traffic light. Mrs. Sullivan was injured and was awarded $20,000 from the truck company's insurance policy, the maximum liability coverage under the policy. Pursuant to the Postal Service contract, which was exe-

cuted one month earlier, TNT was required to obtain liability insurance of at least $750,000. At the time of the accident, TNT had neglected to obtain the additional insurance and instead only carried the then-applicable Massachusetts compulsory minimum bodily injury coverage limit of $20,000 per person.

The Sullivans filed this suit against the United States in 1999 in the United States Court of Federal Claims. The Government responded by filing a motion to dismiss the complaint for lack of subject matter jurisdiction. The trial court denied the motion, finding that the Sullivans had raised a triable issue regarding their status as third party beneficiaries. *Sullivan v. United States*, 54 Fed. Cl. 214, 216 (2002). Following discovery, the parties filed cross-motions for summary judgment as to liability.

The Sullivans contended that they were third party beneficiaries to the contract between the Government and TNT because highway motorists were the persons intended to benefit from the contractually required insurance policy. The trial court found that the Sullivans were the contemplated third party beneficiaries of the negotiated federal contract and that the Government had breached the contract by failing to enforce the explicit terms. Consequently, the trial court granted the Sullivans' motion for summary judgment of liability based on the administrative record. *Sullivan v. United States*, 2005 WL 6115387 (Fed. Cl. July 22, 2005). Subsequently the court held a two-day hearing on damages and awarded the Sullivans $32,592.00. *Sullivan v. United States*, No. 99-754 C, 91 Fed. Cl. 23 (2010). The Government appealed. We have jurisdiction over the appeal pursuant to 28 U.S.C. § 1295(a)(3).

DISCUSSION

We review the Court of Federal Claims' grant of summary judgment without deference, *Norfolk Dredging Co. v. United States*, 375 F.3d 1106, 1108 (Fed. Cir. 2004), and the court's factual findings under the clearly errone- ous standard, *Blue & Gold Fleet, L.P. v. United States*, 492 F.3d 1308, 1312 (Fed. Cir. 2007).

## I.   Third-Party Beneficiary Status

A plaintiff must be in privity with the United States to have standing to sue the sovereign on a contract claim. *Anderson v. United States*, 344 F.3d 1343, 1351 (Fed. Cir. 2003).  Not only is privity a fundamental requirement of contract law, but it is particularly important in cases involving government contracts because the "government consents to be sued only by those with whom it has privity of contract." *Erickson Air Crane Co. of Wash. v. United States*, 731 F.2d 810, 813 (Fed. Cir. 1984).  This Court has recognized limited exceptions to that general rule when a party standing outside of privity "stands in the shoes of a party within privity." *First Hartford Corp. Pension Plan & Trust v. United States*, 194 F.3d 1279, 1289 (Fed. Cir. 1999).  Therefore, to properly bring this suit against the Government, the Sullivans need to prove that they are third party beneficiaries of the contract between the Government and TNT, and then to then win in the suit, while "standing in the shoes" of TNT they must prove that there was a breach of contract by the Government.

For third party beneficiary status to be conferred on a party, the "contract must reflect the express or implied intention of the [contracting] parties to benefit the third- party." *Montana v. United States*, 124 F.3d 1269, 1273 (Fed. Cir. 1997).  While the third party does not need to

be specifically identified in the contract, third party beneficiary status can only be bestowed on those parties that "fall within a class clearly intended to be benefited" by the contract. *Id.* "[M]erely because a third party may derive a benefit, purely incidental and not contemplated by the contracting parties, from the performance of a contract does not entitle that party to enforce the contract." Williston on Contracts § 37:7. Hence, in order for the Sullivans to be third party beneficiaries, they need to be within the class that the Postal Service intended to benefit from the insurance and not simply be incidental beneficiaries.

The trial court found that the Sullivans were third party beneficiaries by assuming that "[w]hen liability insurance is purchased it is for the purpose of compensating people who might otherwise sue you." *Sullivan*, 2005 WL 6115387 at *3. The court further assumed that the "purpose of the insurance [policy] was to protect innocent highway drivers from undercompensated losses from judgment proof or underinsured contractors doing the government's business." *Id.* at *4. These assumptions are at best open to question. It is equally plausible, if not more likely, that people do not purchase liability insurance in order to compensate unknown others. Ordinarily, liability insurance is purchased to protect the insured party from paying potential loses from their own pocket. Furthermore, in this case there was little doubt as to the Government's intention in requiring TNT to purchase additional liability insurance. The USPS Procurement Manual, which governs contracts between the Postal Service and its contractors, explicitly states that "contractors may be required to carry insurance only when necessary to protect the interest of the Postal Service." *Id.* Thus, the Government's intent in requiring the carrier to carry additional liability insurance is to protect the Postal

Service from potential risk to the Postal Service—not to compensate others. *See id*.

## II.    Breach of Contract

Regardless of whether the trial court properly classified the Sullivans as third party beneficiaries, the Sullivans still could not succeed in this breach of contract action against the Government. TNT, in whose shoes the Sullivans must stand, breached the contract, not the Government.

Contrary to the trial court's findings, by failing to obtain the additional insurance required by the federal contract, TNT was the party who committed the breach and not the Postal Service. The most that can be said of the Postal Service is that it failed to enforce a contract provision that it was entitled to enforce—that is not a breach of contract by the Government. There are no provisions within the contract imposing a duty upon the Postal Service to ensure that TNT carries the proper insurance. Consequently, even if the Sullivans were third party beneficiaries, there is no cause of action against the Government because the Government did not breach. *See* Restatement (Second) of Contracts § 235(2) (defining breach of contract as anything short of full performance under the contractual provisions).

Accordingly, we reverse the trial court's judgment and direct the trial court to enter judgment consistent with this opinion.

## REVERSED

### Costs

Each party shall bear its own costs.