NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**RASHID EL MALIK,**
*Claimant-Appellant*

**v.**

**DAVID J. SHULKIN, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2017-1167

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 15-4885, Judge Margaret C. Bartley.

---

Decided: April 11, 2017

---

RASHID EL MALIK, Palos Verdes Estate, CA, pro se.

STEVEN MICHAEL MAGER, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee. Also represented by BENJAMIN C. MIZER, ROBERT E. KIRSCHMAN, JR., FRANKLIN E. WHITE, JR.; BRIAN D. GRIFFIN, JONATHAN KRISCH, Office of General Counsel,

United States Department of Veterans Affairs, Washington, DC.

———————————

Before PROST, *Chief Judge,* LOURIE and TARANTO, *Circuit Judges.*

PER CURIAM.

Rashid El Malik ("El Malik") appeals from the order of the U.S. Court of Appeals for Veterans Claims ("Veterans Court") denying his petition for a writ of mandamus. *El Malik v. McDonald,* No. 15-4885, 2016 WL 3227961 (Vet. App. June 13, 2016) ("*Order*"). Because we find that the Veterans Court properly denied El Malik the extraordinary relief of mandamus, we *affirm.*

## BACKGROUND

On December 29, 2015, El Malik filed a petition for a writ of mandamus in the Veterans Court, asserting that he "is without judicial process and is confronted with an extraordinary situation." Respondent's Appendix ("R.A.") 15. El Malik claimed that the Department of Veterans Affairs ("VA") and its agents improperly disbursed Special Adaptive Housing ("SAH") funds from an escrow account to BNS Construction ("BNS"), a contractor hired to work on his home to accommodate his motorized wheelchair, without ensuring that BNS had obtained required permits; allowed BNS to work on his home without the permits; and ignored municipal stop-work orders. R.A. 20–22. El Malik further alleged that the VA breached its fiduciary duties and violated its own procedures when it disbursed escrow funds to BNS, which abandoned the project without completing the contracted-for work. R.A. 16–22. El Malik stated that the remaining escrow funds are insufficient to complete the remaining work and asked the Veterans Court to (1) "[c]larify the confusion" between 38 U.S.C. § 2105 and VA Manual M26-12, ch. 8; (2) "[e]xpeditiously remit the misused funds" to the escrow

account; and (3) require the VA to "put [him] back in the position he would have been in but for the misuse of the funds." R.A. 16.

On February 25, 2016, the Veterans Court ordered the Secretary of Veterans Affairs ("Secretary") to respond. *Order* at *1. On March 15, 2016, the Secretary responded and informed the court that a request for equitable relief as to the SAH funds had been denied on January 28, 2016 after review because there was no evidence of administrative error or loss suffered due to reliance on an erroneous benefits determination. R.A. 48, 52. As to the "confusion" between 38 U.S.C. § 2105 and VA Manual M26-12, ch. 8, the Secretary argued that El Malik mistakenly equated the VA's fiduciary functions and responsibilities outlined in VA Manual M26-12 with a perceived government interest in his residence. R.A. 49. The Secretary stated that 38 U.S.C. § 2105 only relates to the government's non-assumption of liability over any real property under the SAH program in which it does not have a legal interest, and that this provision is unrelated to the VA's responsibilities outlined in VA Manual M26-12. R.A. 49. As to El Malik's claims involving BNS, the Secretary stated that El Malik should seek relief through litigation in the California state court system by means of a claim for a possible breach of contract by BNS, not by means of a writ of mandamus from the Veterans Court. R.A. 48.

On March 18, 2016, El Malik replied, generally arguing that he did not have an alternative because he "withdrew [his] suit [in California] with prejudice" after BNS had agreed to return $5,000 of the grant fund and the VA denied him equitable relief even though he had not requested it. R.A. 55, 57.

On June 13, 2016, a single judge of the Veterans Court denied El Malik's petition for a writ of mandamus, finding that El Malik had failed to meet his burden of establishing that he is entitled to mandamus relief.

*Order*, 2016 WL 3227961 at \*2–4. First, citing its own precedent, *Werden v. West*, 13 Vet. App. 463 (Vet. App. 2000), the Veterans Court held that it lacked jurisdiction to review petitions challenging the manner in which an SAH grant is disbursed by the Secretary even though it expressed certain "reservations" about whether *Werden* had been correctly decided. *Order*, 2016 WL 3227961 at \*2 & n.1 (citing *Werden*, 13 Vet. App. at 468). Second, the Veterans Court concluded that, even assuming jurisdiction, it would not be able to provide the legal or equitable relief El Malik was seeking in the forms of "remit[tance]" or "put[ing] [him] back in the position he would have been in." *Id.* at \*3. The Veterans Court noted that the statute precludes the Secretary from paying additional SAH grants after the approved SAH grants have been exhausted, and it lacks the power to grant equitable relief. *Id.* Finally, even assuming the view of the law most favorable to El Malik regarding his potentially-underlying constitutional claims, the Veterans Court concluded that the instant petition was premature because El Malik currently has adequate alternative means to pursue his claims, including potential constitutional claims, in the VA other than seeking a writ of mandamus from the Veterans Court. *Id.* at \*4.

On June 20, 2016, El Malik filed a motion for a panel decision. R.A. 6. The Veterans Court granted the motion but ordered that the single-judge order on June 13, 2016 remains the decision of the Veterans Court. R.A. 6–7. Subsequently, El Malik requested a full-court review, which the Veterans Court denied. R.A. 8. Judge Kasold dissented, noting that *Werden*, which was critically discussed in the single-judge order, should have been analyzed in the panel decision, and that en banc review was warranted. R.A. 8–9. El Malik timely appealed from the decision of the Veterans Court.

DISCUSSION

We have limited jurisdiction to review decisions by the Veterans Court. *See* 38 U.S.C. § 7292. We have jurisdiction to review "all relevant questions of law, including interpreting constitutional and statutory provisions," 38 U.S.C. § 7292(d)(1), but we lack jurisdiction to review challenges to "a factual determination" or to "a law or regulation as applied to the facts" except to the extent that the appeal presents a constitutional issue. 38 U.S.C. § 7292(d)(2).

On appeal, El Malik maintains that a legal issue exists regarding the interpretation of 38 U.S.C. § 2105 and VA Manual M26-12. Pet. Br. 1–2. El Malik also makes constitutional arguments relying in part on Judge Kasold's dissent from the Veterans Court's denial of en banc review. Pet. Br. 1–2, 4–6. Finally, El Malik further argues that he lacks adequate alternative means to pursue his claims because following the prescribed VA appeals process would result in undue prejudice owing to the indefinite time frame for an administrative action. Pet. Br. 6–7.

The government makes several arguments in response. First, it argues that this court lacks jurisdiction to review the Veterans Court's "factual findings" regarding availability of alternative means for relief and the court's "application of the law on mandamus to the facts in this case." Resp. Br. 12–13. The government also argues that no legal question is present because (1) 38 U.S.C. § 2105 or VA Manual M26-12 do not provide El Malik with any legal rights, and nonetheless were not relied upon by the Veterans Court in its decision; and (2) the validity of *Werden* or any potential constitutional arguments are not directly before this court through this mandamus appeal. Resp. Br. 13–18. Finally, even if this court assumes jurisdiction, the dismissal of mandamus was correctly decided, the government argues, because El

Malik has alternative means for relief, namely, in the forms of (1) requesting additional funds through the SAH program, which actually had been expanded beyond what was mentioned in the Veterans Court's decision; (2) providing arguments at the VA concerning why additional funds are warranted; and (3) proceeding with the appeal process to the VA Board regarding any adverse decisions at the VA. Resp. Br. 19–20. The government notes that the hardship for El Malik that may inherently result from the VA appeals process is not a reason to grant mandamus relief. Resp. Br. 20–21.

Mandamus relief is "a drastic one, to be invoked only in extraordinary situations." *Kerr v. U.S. Dist. Court*, 426 U.S. 394, 402 (1976) (citations omitted). A petitioner seeking a writ of mandamus must show (1) that he has "no other adequate means to attain the relief he desires"; (2) that his "right to issuance of the writ is clear and indisputable"; and (3) that "the writ is appropriate under the circumstances." *Cheney v. U.S. Dist. Court*, 542 U.S. 367, 380–81 (2004) (internal quotation marks and citations omitted). Furthermore, the issuance of the writ of mandamus is "in large part a matter of discretion with the court to which the petition is addressed." *Kerr*, 426 U.S. at 403 (citations omitted).

As an initial matter, we do have jurisdiction to review the Veterans Court's "decision whether to grant a mandamus petition that raises a non-frivolous legal question." *Beasley v. Shinseki*, 709 F.3d 1154, 1158 (Fed. Cir. 2013); *see also Lamb v. Principi*, 284 F.3d 1378, 1382 (Fed. Cir. 2002). In reviewing the Veterans Court's mandamus decisions, "[w]e may not review the factual merits," but "we may determine whether the petitioner has satisfied the legal standard for issuing the writ." *Beasley*, 709 F.3d at 1158.

We agree with the Veterans Court that El Malik has failed to establish that he is entitled to the extraordinary

relief of mandamus. As noted by the Veterans Court, a claimant in El Malik's situation generally should present his constitutional arguments to the VA before presenting them to the Veterans Court. *See Ledford v. West*, 136 F.3d 776, 780 (Fed. Cir. 1998). He did not do so here. Moreover, the Veterans Court held that El Malik failed to meet his burden to show that he is entitled to mandamus relief, in particular, that he lacked adequate alternative means for relief. The Veterans Court faithfully applied existing mandamus jurisprudence in deciding the present case, and we find no error in its doing so.

El Malik's arguments as to the inadequacy of the available VA appeals process fail. Although pursuing the prescribed VA appeals process may involve an uncertain time frame, such uncertainties do not amount to the type of undue prejudice that warrants granting mandamus. *See Beasley*, 709 F.3d at 1159; *Lamb*, 284 F.3d at 1383–84.

El Malik attempts to raise a legal issue by contending that the interpretations of 38 U.S.C. § 2105 and VA Manual M26-12 are contradictory. However, in denying the mandamus petition, the Veterans Court did not interpret any statute or regulation nor did it adopt the Secretary's argument as to his underlying statutory interpretation. The Veterans Court did not, and did not need to, draw any legal conclusion concerning any alleged statutory contradiction because El Malik's petition for mandamus relief was defective due to the existence of adequate alternative means for relief. *See Cheney*, 542 U.S. at 380–81. Indeed, although El Malik raises concerns over possible legal error in statutory interpretation by the VA or the Veterans Court, the disposition of the mandamus relief sought here does not rest on any particular interpretation of the statute or regulation pointed to by El Malik, let alone on an erroneous interpretation of the statute or regulation. We thus find no error in the Veterans Court's decision.

Similarly, we find El Malik's arguments relying on the existence of a dissent in the Veterans Court regarding its precedent, *Werden*, inapposite. At its core, El Malik's complaint appears to center around the unsatisfactory work done, or not done, by the contractor and subsequent disbursements of the SAH escrow funds, which apparently left him with insufficient funds to finish the work on his home. However, El Malik is not directly seeking additional SAH funds or challenging the VA's disbursements of the SAH funds through the prescribed appeals process, in which he could have squarely questioned *Werden*, at the VA and later in the Veterans Court. Regardless whether or not *Werden* was decided correctly by the Veterans Court, El Malik is not entitled to mandamus relief here. Mandamus is not available for a veteran to bypass other prescribed means for relief, such as seeking relief directly from the VA and appealing any adverse decision to the VA Board. *See Lamb*, 284 F.3d at 1384 (citations omitted).

Therefore, to the extent that any "non-frivolous legal question" was raised in El Malik's mandamus petition, we conclude that the Veterans Court did not err in denying El Malik's petition.

### CONCLUSION

We have considered El Malik's other arguments but find them unpersuasive. For the foregoing reasons, we affirm the order of the Veterans Court denying the petition for a writ of mandamus.

**AFFIRMED**