NOTE: This disposition is nonprecedential.

# United States Court of Appeals
# for the Federal Circuit

---

**RASHID EL MALIK,**
*Plaintiff-Appellant*

**v.**

**UNITED STATES,**
*Defendant-Appellee*

---

2024-1746

---

Appeal from the United States Court of Federal Claims in No. 1:20-cv-00267-MRS, Judge Molly R. Silfen.

---

Decided: December 6, 2024

---

RASHID EL MALIK, Palos Verdes Estate, CA, pro se.

LIRIDONA SINANI, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant-appellee. Also represented by BRIAN M. BOYNTON, PATRICIA M. MCCARTHY, LOREN MISHA PREHEIM.

---

Before MOORE, *Chief Judge*, REYNA and TARANTO, *Circuit Judges*.

PER CURIAM.

Rashid El Malik, a service-disabled veteran, was granted certain veterans benefits under Title 38, United States Code, by the United States Department of Veterans Affairs (VA). The statutory benefits, provided to enable independent living, consisted of improvements to Mr. El Malik's home. VA entered into a contract with Moderno, Inc., a construction company, for Moderno to perform the construction work. Dissatisfied with the work being done, Mr. El Malik sought relief through various routes. Before us now is his action in the United States in the Court of Federal Claims (Claims Court) under the Tucker Act, 28 U.S.C. § 1491(a)(1), asserting a government breach of the VA-Moderno contract. The Claims Court dismissed the case for lack of subject-matter jurisdiction and for failure to state a claim on which relief can be granted. *El Malik v. United States*, 170 Fed. Cl. 590 (2024) (*Claims Court Decision*). We affirm.

I

A

Mr. El Malik, a service-disabled veteran, was granted benefits under the Vocational Rehabilitation and Employment (VR&E, now known as Veteran Readiness and Employment) program for independent-living services and assistance. 38 U.S.C. § 3120(a), (b); 38 C.F.R. § 21.160(a). In particular, on September 11, 2017, Mr. El Malik and a VR&E counselor executed an individual written rehabilitation plan that lists fourteen objectives to improve Mr. El Malik's ability to live safely in his home. SAppx44–51. Meeting those objectives called for making improvements to Mr. El Malik's home, and on May 30, 2018, VA and Moderno entered into a contract—initially valued at $211,906.33—under which Moderno was to do specified home-improvement work. SAppx21; SAppx54–87.

On June 18, 2019, Mr. El Malik, asserting that he was a third-party beneficiary of the VA-Moderno contract, filed a claim with VA under the Contract Disputes Act (CDA), 41 U.S.C. §§ 7101–07. He alleged that Moderno performed "faulty and incomplete" work that left him in "unhealthful and unsafe living conditions" and was causing "ongoing damage to his property." SAppx28; SAppx30–37 (enumerating specific work that was incomplete or had been performed poorly). And he requested that Moderno be required to fully perform the contract and also sought damages of $983.68 and claim-preparation costs of $1,525.00. SAppx24–25.

When VA had not issued a decision after a certain time, Mr. El Malik appealed VA's "deemed denial" to the Civilian Board of Contract Appeals (Board or CBCA), which, on February 28, 2020, dismissed the case. *El Malik v. Department of Veterans Affairs*, CBCA 6600, 20-1 BCA ¶ 37,536, at 3. The Board concluded that "[o]nly a 'contractor' may appeal a contracting officer's decision"—that is, a "party to a federal government contract other than the Federal Government"—and "Mr. El Malik is not a contractor nor did he sign the contract." *Id*. The Board added, however, that Mr. El Malik "could be considered a third[-]party beneficiary" and "[a]lthough such third-party beneficiaries cannot seek recourse under the [Contract Disputes Act], they may be able to utilize their third-party beneficiary status to seek damages in the Court of Federal Claims under the Tucker Act." *Id*. at 3–4. Mr. El Malik did not appeal from the Board's decision.

## B

On March 9, 2020, Mr. El Malik filed a complaint in the Claims Court under the Tucker Act, 28 U.S.C. § 1491(a)(1), including his extensive June 2019 CDA claim in the complaint. SAppx20–43. As relevant here, he asserted a government breach of the VA-Moderno contract, and he sought full performance of the contract and monetary

damages for allegedly incomplete and faulty work. SAppx41–42.[1]  In July 2020, the government moved to dismiss the complaint on several grounds, including two now at issue.  First, the government argued that Tucker Act jurisdiction is unavailable for Mr. El Malik's claim because it is a benefits claim subject to Title 38's exclusive review process, established by the Veterans' Judicial Review Act (VJRA), Pub. L. No. 100-687, 102 Stat. 4105 (1988), which requires proceeding through the United States Court of Appeals for Veterans Claims (Veterans Court), *see* 38 U.S.C. §§ 511(a), (b)(4), 7251–98. Second, the government argued that, in any event, Mr. El Malik had not alleged a government breach of the VA-Moderno contract, of which, moreover, he was not a third-party beneficiary.

The Claims Court allowed the contract claim to proceed.  SAppx123–25.  Throughout 2021, the court held six conferences to receive status updates on the ongoing construction work.  Such work included additional home improvements pursuant to multiple contract amendments that increased the contract value to $692,609.66.  In 2022, VA and Moderno "officially closed" the contract. *Claims Court Decision*, at 593.

On May 3, 2023, the court sought from Mr. El Malik specificity as to the items for which he sought monetary damages.  Mr. El Malik responded six days later with a motion to amend his complaint, seeking to provide estimates of damages for his existing breach-of-contract claim.  On June 9, 2023, the government renewed its arguments to dismiss the breach-of-contract claim—for lack of subject-matter jurisdiction by virtue of VJRA

---

[1]    Mr. El Malik also asserted tort claims and an Eighth Amendment violation, which were dismissed as outside the Claims Court's jurisdiction, SAppx123–25, and are not at issue here.

exclusivity and for no plausible allegation of a government breach of contractual obligations.

On April 8, 2024, the Claims Court—now acting through a newly assigned judge—granted the government's motion and dismissed the case. *Claims Court Decision*, at 592. First, the court held that VJRA exclusivity barred Tucker Act jurisdiction over Mr. El Malik's claim, whose subject was VA's provision of veterans' benefits under the Title 38 provisions governing independent-living services. *Id.* at 594–97 (citing 38 U.S.C. § 511; 38 C.F.R. § 20.3(e)). Second, the court ruled that even if it did have jurisdiction over Mr. El Malik's claim and if it did accept his assertion that he was a third-party beneficiary, dismissal for failure to state a claim was required because Mr. El Malik "ha[d] not plausibly alleged that the *government* breached its contract with Moderno." *Id.* at 598 (emphasis added).

Mr. El Malik timely appealed. We have jurisdiction under 28 U.S.C. § 1295(a)(3).

## II

The jurisdictional-exclusivity ruling by the Claims Court in this case is a matter of law, which we decide de novo based on accepting the plausible factual allegations of the complaint. *See, e.g.*, *Estes Express Lines v. United States*, 739 F.3d 689, 692 (Fed. Cir. 2014); *Texas Peanut Farmers v. United States*, 409 F.3d 1370, 1372 (Fed. Cir. 2005). The same standard of review applies to the Claims Court's dismissal for failure to state a claim because the complaint contains no plausible allegation of a breach of contract by the government. *Turping v. United States*, 913 F.3d 1060, 1064 (Fed. Cir. 2019). In reading a complaint, some deficiencies of articulation are more readily overlooked for pro se plaintiffs than for represented plaintiffs. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980). Here, that greater leniency makes no difference to the outcome.

A

Mr. El Malik first challenges the Claims Court's holding that VJRA exclusivity barred Tucker Act jurisdiction to hear his claim. El Malik Informal Opening Br. at 8. He contends that "[t]his is not a case about the determination or award of VA benefits, which would fall under the VJRA's exclusive review scheme," but rather "a contract dispute arising from the implementation of already-awarded benefits." *Id.* We disagree with Mr. El Malik.

In VJRA, Congress, which has power "to define the jurisdiction of lower federal courts it creates," "exercised this power to channel judicial review of certain agency actions to specified lower federal courts." *Personal Audio, LLC v. CBS Corp.*, 946 F.3d 1348, 1352 (Fed. Cir. 2020) (citations omitted). In 38 U.S.C. § 511(a), Congress provided that "[t]he Secretary shall decide all questions of law and fact necessary to a decision by the Secretary under a law that affects the provision of benefits by the Secretary to veterans . . . ." In the next sentence, Congress then declared: "Subject to subsection (b), the decision of the Secretary as to any such question shall be final and conclusive and may not be reviewed by any other official or by any court, whether by an action in the nature of mandamus or otherwise." § 511(a). Subsection (b) states that the just-stated bar on *any* judicial review "does not apply to" four categories: rules and regulations subject to 38 U.S.C. § 502; certain insurance matters subject to 38 U.S.C. §§ 1975 and 1984; certain housing loan matters and small-business loan matters subject to 38 U.S.C. §§ 3701–65; and—of most relevance here—"matters covered by chapter 72," 38 U.S.C. §§ 7251–98, which provides for review by the Veterans Court of decisions of the VA's Board of Veterans Appeals.

Those provisions plainly state a bar on judicial review of Secretary decisions on "all questions of law and fact

necessary to a decision by the Secretary under a law that affects the provision of benefits by the Secretary to veterans," § 511(a), subject to those four specific exceptions. The bar, where it applies, is applicable to review of such a decision "whether by an action in the nature of mandamus *or otherwise.*" *Id.* (emphasis added). Although there are four exceptions, none of them apply to allow the present case in the Claims Court. The first three involve subject matter different from what is at issue here. And the fourth, where it applies, routes review to the Veterans Court, 38 U.S.C. § 7252, whose decisions are reviewed by this court, 38 U.S.C. § 7292—not authorizing review in the Claims Court.

The review bar applies here because Mr. El Malik's claim would require review of "questions of law and fact necessary to a decision by the Secretary under a law that affects the provision of benefits by the Secretary to veterans." § 511(a). VA administered the independent living program for Mr. El Malik under 38 U.S.C. § 3120, SAppx2, which is part of chapter 31 ("Training and Rehabilitation for Veterans with Service-Connected Disabilities") and which states that the Secretary may promote a veteran's independent living by providing services "necessary to enable [a] veteran to achieve maximum independence in daily living." 38 U.S.C. § 3120(d). The services Mr. El Malik receives under his VR&E plan—house modifications to improve his capacity to live safely and independently in his home—qualify as such benefits. 38 C.F.R. § 20.3(e). And Mr. El Malik's contract action challenges VA's decisions about carrying out a contract VA entered into to implement its duties and its authority under the law providing for these rehabilitation benefits. The contract action thus involves issues of law and fact necessary to the Secretary's decision "under" the rehabilitation-program benefits law. § 511(a); *compare Johnson v. Robison,* 415 U.S. 361, 367 (1974) (holding, before the 1988 VJRA provided for judicial review of

benefits claims, that what is now § 511(a) did not bar a constitutional challenge to a veterans-benefit statute, as it did not challenge an action "under" such a statute).

This straightforward application of § 511 makes particular sense because Mr. El Malik recognizes that this result does not leave him without review: He concedes that such review is available, though in a different forum. The implementing decisions that are at issue, because they are about benefits, come within the fourth exception to the bar on review—for "matters covered by chapter 72," 38 U.S.C. §§ 7251–98, *i.e.*, reviewable by the Veterans Court. It is not disputed that such an implementation decision, under 38 U.S.C. § 3120(d) (incorporating review mechanisms specified in § 3107(c)), would be "review[able] on appeal to the Secretary," whose "[f]inal decisions on such appeals shall be made by the Board" of Veterans Appeals. 38 U.S.C. § 7104(a); *see* 38 C.F.R. § 20.104(a)(6). A Board decision is then reviewable by the Veterans Court, nowhere else. 38 U.S.C. § 7252(a). Not surprisingly, Mr. El Malik has used just that review process, and we have confirmed its availability in several nonprecedential decisions, including where we recognized the consequence of precluding a contract claim in the Claims Court. *See El Malik v. McDonough*, Nos. 23-1684, 23-2279, 2024 WL 1109263, at *3–4 (Fed. Cir. Mar. 14, 2024); *El Malik v. Shulkin*, 684 F. App'x 961, 965 (Fed. Cir. 2017); *Sindram v. United States*, 130 F. App'x 456, 457–58 (Fed. Cir. 2005); *see also El Malik v. United States*, 800 F. App'x 560, 561 (9th Cir. 2020) (similar for claim under Federal Tort Claims Act).

Mr. El Malik, invoking the "law of the case" doctrine, argues that the Claims Court could not properly draw this conclusion because, earlier, it had denied the government's motion to dismiss on this ground. El Malik Informal Opening Br. at 14–16. But the doctrine, as applied to a court's pre-judgment reconsideration of its own earlier ruling, "is a principle that guides courts in the exercise of their discretion, not a binding rule," and "rigid adherence

to rulings made at an earlier stage of a case is not required under all circumstances." *Wye Oak Technology, Inc. v. Republic of Iraq*, 24 F.4th 686, 697–98 (D.C. Cir. 2022); *see Pepper v. United* States, 562 U.S. 476, 506 (2011); *Arizona v. California*, 460 U.S. 605, 618–19 (1983); *Momenta Pharmaceuticals, Inc. v. Teva Pharmaceuticals USA Inc.*, 809 F.3d 610, 619–20 (Fed. Cir. 2015). The Claims Court at least had discretion here to dismiss the case when its full analysis led it to the firm conclusion that it lacked subject-matter jurisdiction, even if it had earlier drawn a contrary conclusion on a much more truncated analysis. *See Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006) (explaining that courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party," and "when a federal court concludes that it lacks subject-matter jurisdiction, the court must dismiss the complaint in its entirety"); *Folden v. United States*, 379 F.3d 1344, 1354 (Fed. Cir. 2011) ("Subject-matter jurisdiction may be challenged at any time by the parties or by the court *sua sponte*."); Rules of the Court of Federal Claims Rule 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

B

Although the foregoing discussion suffices for affirmance of the dismissal, we briefly address the Claims Court's separate ruling that, even if it had jurisdiction over the breach-of-contract claim, Mr. El Malik had failed to state a claim on which relief could be granted. We agree with that ruling.

Mr. El Malik argues that the Claims Court erred in considering Mr. El Malik's claim to be only that he was a third-party beneficiary entitled to enforce certain government obligations under the contract—rather than "recognizing Mr. El Malik as a party to the contract with

specific performance obligations." El Malik Informal Opening Br. at 11. But in the Claims Court, Mr. El Malik did not plead or otherwise argue that he is a party to the contract with enforcement rights; rather, he asserted only that he is a third-party beneficiary. *See, e.g.*, SAppx29 (complaint: "the veteran is not authorized to enforce the contract"); SAppx39 (complaint: describing Mr. El Malik as "an intended and direct third party beneficiary" of the contract). Earlier, in fact, CBCA expressly determined that he is not a party to the contract, *El Malik*, CBCA 6600, 20-1 BCA ¶ 37,536, at 3 ("Mr. El Malik is not a contractor nor did he sign the contract."), and Mr. El Malik did not appeal that ruling and did not challenge that conclusion in the Claims Court. The contention that he is a party with rights as a promisee is forfeited. *See California Ridge Wind Energy LLC v. United States*, 959 F.3d 1345, 1351 (Fed. Cir. 2020) ("We may deem an argument forfeited when a party raises it for the first time on appeal."). And this is not a case in which the contention newly made on appeal is clearly correct. To the contrary, we see no basis for concluding that just because Moderno, as part of its performance obligation to VA, was to check with Mr. El Malik about the choice of fixtures, he thereby became a party to what on its face is a two-party contract between Moderno and the government.

In any event, the decisive flaw in Mr. El Malik's contract complaint, as identified by the Claims Court, is independent of whether he was a party or a third-party beneficiary. That defect is that Mr. El Malik has not alleged anything that plausibly constitutes a government breach of any contractual obligation—which is a requirement for his breach claim (whether he is asserting breach as a party or as a third-party beneficiary). *Sullivan v. United States*, 625 F.3d 1378, 1380 (Fed. Cir. 2010). He asserts that the government's closing out of the contract violated Federal Acquisition Regulation (FAR) § 4.804(c)(1), *see* El Malik Informal Opening Br. at 14, but

that is an assertion of a regulatory violation, not of a contract duty. Likewise, the government had the right to enforce Moderno's duties against it, but such enforcement was not a contractual duty of the government. *See Sullivan*, 625 F.3d at 1381 (explaining that it is not a breach of contract for the government to "fail[] to enforce a contract provision that it was entitled to enforce"). Although Mr. El Malik relies on a sentence from *Schneider Moving & Storage Co. v. Robbins*, 466 U.S. 364, 370 (1984)—to the effect that a promisor has the same defenses against a third-party beneficiary as it has against the promisee in whose shoes the third-party beneficiary stands—that principle says nothing to identify what duties the government has under the contract. For those reasons, we see no error in the Claims Court's conclusion that Mr. El Malik failed to plead a breach-of-contract claim against the government on which relief could be granted.

C

Mr. El Malik argues that the Claims Court abused its discretion in denying him leave to amend his complaint. El Malik Informal Opening Br. at 16. But he has not identified how any proposed amendment would cure either, let alone both, of the two determinative defects on which the Claims Court relied to dismiss the case.

III

We have considered Mr. El Malik's other arguments and find none of them persuasive. We therefore affirm the Claims Court's dismissal for lack of jurisdiction and failure to state a claim on which relief can be granted.

The parties shall bear their own costs.

**AFFIRMED**